WALLACE, JUDGE:
The claimants, Dewey Robinette and Shirley Robinette, his wife, filed their claim before this Court for damages in the amount of $10,000.00 to the property of the claimant, Dewey Robinette, allegedly caused by the grading of a roadway by the respondent. The claimant, Dewey Robinette, offered all the testimony on his behalf. He stated that his wife’s would be substantially the same as his and therefore she did not testify.
The claimant has lived continuously on the property since he purchased it in July, 1955. It is located in Mercer County on State Route 19/21 two and a half miles north of Princeton, West Virginia.
The road, which is the subject of this complaint, runs up and out from State Route 19/21 through the claimant’s property between his house and garage. It serves ten or eleven families and terminates near a cemetery.
The claimant maintains the road is private and that the other *183 families using the road have acquired prescriptive rights in its use. He stated the State did not maintain the road but that the people he bought the property from indicated they had made a deed to the State. The testimony in this regard is not clear.
The recbrd shows that a grader operated by an employee of the respondent graded the road in August, 1974. Respondent’s witness testified it was on August 2, 1974. The claimant attempted to stop the operator but stated he continued to work.
The claimant maintained that the road was leveled and widened; that a drainage ditch that he had dug to divert spring water from the road was destroyed. The result being that all water drainage flows off the mountain down the road washing out the dirt leaving rocks which have broken his windows when they are thrown against his house by spinning wheels of automobiles using the road. No water or debris flows onto the claimant’s property.
Garfield Hazelwood, Mercer County Superintendent for the Department of Highways, testified that the road was graded at the request of the residents using the road. He testified that he had been on the road before the grading was done because of complaints; that the road was rocky both before and after the grading and had no drainage system whatsoever. The road was fairly steep and the only way the water can get down is through the road. The water drains down the road to the culvert at the foot of the mountain which is maintained by the respondent.
The claimant was questioned at length by the Court as to his damages but he had no damage figures. He stated, “there’s no way I can put a dollar value on it”. He further stated that he never complained to the respondent unless his former attorney had done so. There is no evidence in the record to indicate that the negligence of the respondent caused the water to flow down the road but instead the testimony and exhibits show that the road is and always has been a natural rocky drain down the mountain. Upon the testimony and the lack of evidence in respect to damage, the Court is of the opinion to deny the claim of claimant.
Claim disallowed.